IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MARY JO MCKINLEY, Individually and as Administrator of the Estate of HOWARD MCKINLEY,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 5:15-CV-101

## ORDER

This case is before the Court on Plaintiff's Motion for Substitution of Expert Witness. (Doc. 29).

## I.   FACTUAL BACKGROUND

This is a medical malpractice and negligence action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) (2013) and 28 U.S.C. §§ 2671–80 (2000).  Pursuant to the Court's Rules 16 and 26 Order (Doc. 23), the Parties agreed that Plaintiff would disclose the identity of any expert witnesses on or before March 1, 2016 and that the Government would disclose the identity of any expert witnesses on or before March 31, 2016.  Discovery was initially set to expire on May 31, 2016; however, the deadline for discovery was later extended through September 30, 2016.  (Doc. 28).

Plaintiff identified her oncologist expert, Dr. Marianne Barnhill ("Dr. Barnhill"), on March 1, 2016, in accordance with the scheduling order. Dr. Barnhill is an oncologist licensed to practice in Louisiana. On May 22, 2016, Plaintiff's counsel received notification from Dr. Barnhill that she was leaving her employment with Tulane University and taking a position with the United States government as a staff oncologist at Walter Reed National Military Medical Center. As a result of her new employment, "she is prohibited from performing any work outside of Walter Reed including work testifying as an expert witness in medical malpractice actions." (Doc. 29-1, p. 2).

On May 24, 2016, counsel for Plaintiff notified counsel for the Government that Dr. Barnhill had accepted new employment and would no longer be able to serve as Plaintiff's expert in this action. It was clear at this point that Plaintiff's counsel intended to substitute a new expert witness for Dr. Barnhill. Counsel for the Government reserved its right to challenge the substitution of Plaintiff's expert, and on June 9, 2016, informed Plaintiff's counsel by letter than the Government intended to challenge the substitution of Plaintiff's expert. Plaintiff then filed this Motion for Substitution of Expert Witness. On July 18, 2016, Plaintiff identified Dr. Mark Keaton, an oncologist licensed to practice in Georgia, as the expert who would replace Dr. Barnhill.

## II.   DISCUSSION

The substitution of an expert witness is allowed under the following circumstances: (1) when good cause and excusable neglect necessitate the

amendment of the scheduling order, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure; and (2) when a previously undisclosed witness's testimony is substantially justified or harmless, pursuant to Rule 37(c).  A party seeking to extend an already-expired scheduling order deadline must show both good cause and excusable neglect.  Payne v. C.R. Bard, Inc., 606 Fed. Appx. 940, 944 (11th Cir. 2015); Fed. R. Civ. P. 16(b).  "Good cause" exists when "the schedule cannot be met despite the diligence of the party seeking the extension."  Id. (citation omitted).  In evaluating whether there has been "excusable neglect," a court must consider "the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Id. (citation omitted).

Substitution of an expert witness may also be allowed under Rule 37(c).  A previously undisclosed expert witness may testify at trial if the nondisclosure was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Such a finding negates any violation of Rule 26, and is within the district court's "broad discretion."  See Abdulla v. Klosinski, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012).  In exercising its discretion, the court should consider the following: prejudice to the opposing party and its ability to cure any prejudice, the extent to which the substitution would disrupt the trial, the importance of the substitution, and the reason for the request.  Id.; see also Fabrica Italiana Lavorazione

<u>Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.</u>, 684 F.2d 776, 780 (11th Cir. 1982).

Plaintiff argues that permission to substitute is warranted under both Rule 16(b) and Rule 37(c). Plaintiff contends that good cause, excusable neglect, and substantial justification have all been shown. First, Dr. Barnhill's decision to take new employment with the Government was completely outside of Plaintiff's control. Second, Plaintiff acted both diligently and timely in informing the Government of the need to substitute a new expert for Dr. Barnhill. Finally, Plaintiff argues that the Government will not suffer prejudice by the substitution, while Plaintiff will suffer clear prejudice if the substitution is not permitted.

In response, the Government avers that the Court should first consider whether Dr. Barnhill was qualified to testify as an expert in this case. Tennessee Code § 29-26-115(b) requires an expert witness to be licensed in Tennessee or a contiguous bordering state in order to testify, if the expert is in a health care profession that requires licensure under Tennessee law. Dr. Barnhill is licensed in Louisiana, which does not border Tennessee. As a result, the Government argues that Dr. Barnhill was never qualified to testify under Tennessee law and Plaintiff should not now have the opportunity to replace Dr. Barnhill, when Plaintiff was well aware of Tennessee's law on the qualifications of an expert witness at the time Dr. Barnhill was disclosed as her expert. Aside from her qualifications as an expert, the Government argues that it will be prejudiced by

4

the substitution if the new expert's opinions are wholly different from Dr. Barnhill's opinions, and that a substitution would result in further delays in discovery.

The Court finds that Dr. Barnhill's substitution is warranted under both Rule 16(b) and Rule 37(c). Dr. Barnhill's new employment was a decision completely outside of Plaintiff's control, and was immediately communicated to the Government. The Government had not yet deposed Plaintiff's expert, and Plaintiff has now disclosed her substitute expert, Dr. Mark Keaton, along with his expert witness report. Dr. Keaton's opinions are nearly identical to Dr. Barnhill's opinions, minimizing any prejudice the Government might suffer. Further, the Court does not foresee significant delay to the proceedings as a result of this substitution. Thus, the Court concludes that Plaintiff has shown good cause, excusable neglect, and substantial justification, warranting substitution under either Rule 16(b) or Rule 37(c).

The Court declines to consider Dr. Barnhill's qualifications as an expert under Tennessee law. This sort of Daubert-style inquiry is not relevant at this stage of the litigation. See Currie v. Chevron U.S.A. Inc., No. 1:05-CV-1610-BBM, 2006 WL 5249707, at *2 (N.D. Ga. Sept. 19, 2006) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 594–95 (1993)) (evaluating an expert witness's qualifications at the close of discovery, upon the filing of a motion to exclude certain opinions of the expert). Further, determination of whether Dr. Barnhill was qualified to testify as an expert witness in this case

would be a waste of judicial resources, when Dr. Barnhill will not testify, regardless of the outcome of such a determination.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Substitution of Expert Witness (Doc. 29) is **GRANTED**. Plaintiff has the Court's permission to replace Dr. Barnhill with a new expert witness, which the Court understands Plaintiff has already taken steps to do.

**SO ORDERED**, this the 2nd day of August, 2016.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les